Gordon R. STAHN, Appellant,

v.

Ray HAECKEL, Appellee.

No. 90–5195.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1990.

Decided Dec. 7, 1990.

Wesley D. Schmidt, Sioux Falls, S.D., for appellant.

Robert Hayes, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

LAY, Chief Judge.

Gordon Stahn filed for chapter twelve bankruptcy in South Dakota on July 25, 1988.[1] Under 11 U.S.C. § 1224 (1989), a confirmation hearing on the plan must be held within forty-five days after the filing. There had been no confirmation hearing in

---

1. In the preceding six years Stahn had filed for bankruptcy five times in different states, all of which were dismissed.

2. Section 1208(c) provides that:
On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—

this bankruptcy proceeding because the bankruptcy court granted another creditor relief from the stay to allow the creditor to determine a deficiency action in a Minnesota district court. Ray Haeckel, a creditor, moved to dismiss the present proceeding on July 26, 1989, pursuant to 11 U.S.C. § 1208 (1989).[2] After a hearing on the motion, the bankruptcy judge ordered Stahn to make payments to the trustee until the case was confirmed or dismissed. Stahn appealed and the district court affirmed the order of the bankruptcy court.

Stahn now argues that the bankruptcy court erred in ordering him to make payments to the trustee prior to confirmation of the plan. *See* 11 U.S.C. § 1226(a) (1989). Stahn argues that there is no express provision authorizing the court to order payments prior to plan confirmation. He notes that under chapter thirteen it is expressly provided that "[u]nless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed." 11 U.S.C. § 1326(a)(1) (1989). Stahn argues, however, that Congress chose to exclude the pre-confirmation payment requirement of section 1326(a)(1) in section 1226(a) and that requiring such payments has not been authorized by Congress. The trustee argues that section 1226(a) provides implied approval for such payments. Section 1226(a) states that:

> [p]ayments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payments to the debtor....

11 U.S.C. § 1226(a) (1989).

The Supreme Court has stated that when " 'Congress includes particular language in

(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;

....

(3) failure to file a plan timely under section 1221 of this title....
11 U.S.C. § 1208(c)(1), (3) (1989).

one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir.1972)).[3] We find little legislative history on this section and no judicial precedent. Congress did state that chapter twelve was "designed to give family farmers facing bankruptcy a fighting chance to reorganize their debts and keep their land." 132 Cong.Rec. 28,144 (1986) (overview of the family farm subtitle of the conference report). Congress also observed that chapter twelve was modeled after chapter thirteen. *Id.* However, Congress stated that "the new chapter [twelve] alters those provisions that are inappropriate for family farmers—the requirement that the plan be filed within 15 days of the petitions; the requirement that plan payments start within 30 days of the plan confirmation." [4] *Id.* Congress added subsection (a) to section 1326, requiring plan payments to begin within thirty days after the filing of the plan, because of the variation among the bankruptcy courts as to when payments were to begin, the long delay in distribution to creditors, and the better plan success rate when payments began promptly. 5 *Collier on Bankruptcy* ¶ 1326.01 (15th ed. 1990).

It is true Congress did not preclude a court from ordering pre-confirmation payments under the language of section 1226(a). In addition, as the trustee argues, the language implies that pre-confirmation payments *may* be received because the section prescribes what trustees are to do with any pre-confirmation payments they receive. In the event a plan is not confirmed the trustee is required to return any pre-confirmation payments to the debtor. 11 U.S.C. § 1226(a)(1), (2) (1989).

Stahn asserts that an added detriment to the court-ordered payment is that the trustee may deduct any unpaid administrative claim allowed under 11 U.S.C. § 503(b) (1989), and the percentage fee for a standing trustee. 11 U.S.C. § 1226(a)(1), (2) (1989). Chapter twelve is unique in that a standing trustee may deduct a fee. 5 *Collier, supra*, ¶ 1226.01, at 1226–2 n. 4. On the other hand, a chapter thirteen standing trustee may not deduct a percentage fee if a plan is not confirmed. *Id.* Thus, a debtor in a chapter twelve proceeding may be subjected to involuntarily paying trustee fees and a commission if a bankruptcy judge orders pre-confirmation payments. *See* 5 *Collier, supra*, ¶ 1226.01, at 1226–2. A long delay in confirming the plan, such as in this case, could be punitive to the debtor.

The bankruptcy court's order directed the trustee to use a portion of the funds to pay the accrued and accruing real property taxes. Joint App. at 11. The debtor did not contest that portion of the order in the district court. Apparently, it was the debtor's suggestion to pay the taxes.[5] According to the debtor, he is contesting the bankruptcy court's creation, by its drafting of the order, of mandatory pre-confirmation plan payments. Joint App. at 24. The language of section 1226(a), although not requiring pre-confirmation payments, does not state that a bankruptcy court is powerless to order such payments. In light of

---

**3.** The Court sets forth a principle of statutory construction to be that: "Language in one statute usually sheds little light upon the meaning of different language in another statute, even when the two are enacted at or about the same time." *Russello,* 464 U.S. at 25, 104 S.Ct. at 301.

**4.** We believe that Congress intended to state that, under chapter 13, plan payments must start within 30 days of filing, rather than confirmation, because there is no requirement that plan payments start within 30 days of plan confirmation. *See* 11 U.S.C. § 1326(a)(1) (1989).

**5.** At the hearing before the district court the court inquired whether payment of the property

taxes was a disputed point in the case. The attorneys responded by stating that:

> MR. HAYES [creditor's attorney]: My recollection at the time of the hearing was the fact that the payment of real property taxes was agreed to at the request of the debtor.... [E]ssentially, the parties agreed that it was in the best interest of everyone that the property taxes be paid and, as I say, my recollection is ... that the debtor's [sic] requested that that be done.
> MR. SCHMIDT [debtor's attorney]: The problem that comes up in these cases is that, when you've got pre-confirmation or pre-petition taxes, a lot of districts won't take them or they

the facts of this case, in that the parties wanted to pay the taxes and pre-confirmation plan payments were a way to achieve that goal, the bankruptcy court had the power, pursuant to 11 U.S.C. § 105(a) (1989), to order pre-confirmation plan payments.[6]

 Although there is no express provision authorizing pre-confirmation payments there is also no provision prohibiting them. Because the language of the statute also contains procedures to deal with any pre-confirmation payments made, we hold that the bankruptcy court may in its discretion require a debtor to make payments prior to plan confirmation. Therefore, we affirm.

It is so ordered.

won't take post-petition taxes until you have paid the pre-petition taxes and so you have these huge amounts of taxes building up and the taxing authority's thinking they can go ahead and sell property, even though they can't. And I guess, that was at our request. THE COURT: So, you aren't appealing that portion of the Order requiring the payment of taxes?
MR. SCHMIDT: No. No, we're not appealing that. We would like to pay the taxes.
Joint Appendix at 24–25.

6. Section 105(a) states that:
   The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
   11 U.S.C. § 105(a) (1989).