**In re Carl F. and Denise D. KUEHN, Debtors.**

**Bankruptcy No. B–94–02561–PHX–CGC.**

United States Bankruptcy Court,
D. Arizona.

Feb. 1, 1995.

David Allegrucci, Farnsworth & Allegrucci, Mesa, AZ, for debtors.

Charles Lowe, Davis & Lowe, P.C., Phoenix, AZ, for trustee.

Ralph McDonald, Trustee, Phoenix, AZ.

**ORDER RE TRUSTEE'S OBJECTION TO PLAN AND REQUEST FOR TURNOVER OF TAX REFUNDS FOR SECOND AND THIRD PLAN YEARS**

CHARLES G. CASE, II, Bankruptcy Judge.

**I. INTRODUCTION.**

Debtors Carl F. and Denise D. Kuehn (the "Kuehns" or "Debtors") filed their Chapter 13 petition and their Chapter 13 Plan (the "Plan") on March 21, 1994. The Chapter 13 Trustee, Ralph M. McDonald (the "Trustee"), filed his recommendation regarding the Plan on July 20, 1994, and filed a supplement to the recommendation on November 8, 1994. In the supplement, the Trustee objected to confirmation of the Plan and stated that the Debtors must add language to the Plan providing that any tax refunds of the Debtors for tax years 1995 and 1996 be paid over to the Trustee for distribution as supplemental income under the Plan. Neither the Trustee nor the Debtors project any tax refunds during Plan years.

The Debtors filed a Memorandum on December 8, 1994 opposing the Trustee's position on tax refunds. The Debtors contend that the Trustee's position is inappropriate under the recent decision of *In re Anderson,* 21 F.3d 355 (9th Cir.1994).

The Trustee filed a reply to the Debtors' Memorandum on January 1, 1995. The Trustee contends that *Anderson* is not on point and that the Plan is not confirmable without the proposed language regarding tax refunds.

Oral argument on the issue was heard on January 19, 1995 and the matter was taken under advisement.

## II. DISCUSSION.

■ The issue before the Court is whether a trustee, without projecting whether any tax refunds will in fact occur, can require a Chapter 13 debtor simply to pay over to the trustee *all* tax refunds during plan years. More specifically, the core of the issue is the meaning of "projected disposable income" in § 1325(b)(1)(B). For the reasons discussed below, the Court holds that a blanket turnover of tax refunds that are not projected is inappropriate under the facts of this case and the reasoning of *In re Anderson,* 21 F.3d 355 (9th Cir.1994).

■ The *Anderson* court held that Chapter 13 debtors need only devote to plan payments *projected* disposable income at the time of confirmation, rather than *actual* disposable income over the life of the plan. *Id.,* 21 F.3d at 358. The statute at issue is 11 U.S.C. § 1325(b)(1), which provides, in pertinent part:

(b)(1) If the trustee or the holder of any allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that *all of the debtor's projected disposable income* to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1) (emphasis added).

Where there is an objecting trustee or creditor, § 1325(b)(1) allows confirmation of a plan if the debtor pays over to the trustee all *projected* disposable income during the plan years. The phrase "projected disposable income" does not mean actual disposable income. *See id.,* 21 F.3d at 358.

In *Anderson,* the trustee objected to confirmation of the debtors' plan and refused to allow confirmation unless the debtors agreed to sign a certification providing that the debtors would pay *all actual* disposable income to the trustee over the life of the plan. The *Anderson* trustee specifically did not challenge the accuracy of the debtors' projected disposable income. In essence, he sought to avoid his right and obligation to either accept or challenge the projected income by creating a safety net that would catch all disposable income regardless of what was projected. The Ninth Circuit looked to the plain language of § 1325(b)(1), and held that the trustee could not impose "a different, more burdensome requirement on the debtors' plan." *Id.*

As in *Anderson,* the Trustee in this case does not challenge the accuracy or amount of the Debtors' projected disposable income. While the Trustee in this case is not seeking such a large safety net as that sought in *Anderson,* he is nonetheless attempting to catch *any actual* income that is paid in the form of a tax refund. The Trustee is seeking this potential extra income not because he projects that it will exist, but merely because *if* it does turn out to exist, he believes it should be turned over.

*Anderson* is a Ninth Circuit opinion that is binding on this Court. The cases cited by the Trustee cannot change this result. However, a close examination of the cases cited by the Trustee reveals that they are not entirely inconsistent with this Order. In none of those cases did the court hold that a trustee could require turnover of tax refunds where a debtor does not project tax refunds.

In *In re Cochran,* 141 B.R. 270 (M.D.Ga. 1992), the debtor's plan already contained a

provision providing for the turnover of tax refunds and the issue was whether the United States was required to comply with the plan and pay over the refund to the Trustee. The issue before this Court was not addressed in *Cochran.*

In *In re Rhein,* 73 B.R. 285 (Bankr. E.D.Mich.1987), the court held that the debtor's estimated income tax refund in the amount of $1,760.85 was disposable income required to be pledged to the trustee before her plan could be confirmed. The tax refund in *Rhein* was projected down to the penny, and accordingly the court found that it was part of the debtor's projected income. Again, that is not the case before this Court.

In *In re Red,* 60 B.R. 113 (Bankr. E.D.Tenn.1986), the debtor sought to exempt under state law a portion of a tax refund due her in her first plan year, and to retain subsequent tax refunds during her plan years. The *Red* court found that the provision in the plan allowing the debtor to retain tax refunds violated § 1325(b) because it allowed the debtor to retain projected income; it did not address whether the tax refunds, other than the first year, were in fact projected. To the extent the *Red* case, or any others outside this Circuit, can be construed to allow a trustee to require a debtor to pay over all tax refunds irrespective of whether they are in fact projected, *Anderson* mandates a different result in the Ninth Circuit.

### III. CONCLUSION.

Where the debtors are wage-earners, as in the present case, a blanket turnover of all tax refunds, without a showing that such refunds are in fact projected in a certain amount, violates *Anderson,* 21 F.3d at 358 (9th Cir. 1994). The Debtors do not project tax refunds during the Plan years and the Trustee has neither projected that such tax refunds will occur or challenged the Debtors' proposed tax withholdings. In this setting, the Trustee's attempt to require a blanket turnover of all tax refunds is in fact an attempt to reach actual disposable income, whatever it turns out to be, as opposed to projected disposable income at the time of confirmation. Again, this is prohibited by *Anderson.* Should the financial circumstances of the Debtors change over the life of the Plan, the Trustee has certain rights, including the right to seek a modification of the Plan under § 1329.[1]

Therefore, **IT IS ORDERED** as follows:

1. The Trustee's objection to confirmation of the Plan is overruled.

2. A continued hearing on confirmation of the Plan shall be held on February 14, 1995 at 1:30 p.m.; this hearing shall be vacated upon submission by the parties of a stipulated order confirming the Plan, consistent with the terms of this order.

---

1. Because of the facts of this case, this decision does not reach the circumstance where a debtor has historically received tax refunds and reasonably expects to receive them during the life of the plan. However, the Court notes, without deciding the issue, that there appear to be at least two appropriate and legally authorized methods for the trustee to reach future refunds in such circumstances. One would be to seek to disallow as an expense that portion of a debtor's withholding that creates the overpayment, thereby increasing required plan payments by the same amount; another would be to project definite amounts for the future tax refunds (based on past experience) and require the turnover of those amounts as and when received.