**In re Anita S. HEATH, Debtor.**

**In re Hazel HAYNES, Debtor.**

**Margo ITULE, Ch. 13 Trustee, Appellant,**

v.

**Anita S. HEATH, and Hazel Haynes, Appellees.**

**BAP Nos. AZ–94–2280–OvAsJ, AZ–94–2315–OvAsJ.**

**Bankruptcy Nos. 94–00508–TUC–LO, 94–00806–TUC–JMM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 23, 1995.

Decided May 15, 1995.

Virginia Matte, Phoenix, AZ, for Margo Itule.

Daniel John Rylander, Tucson, AZ, for Hazel Haynes and Anita Heath.

Before ASHLAND, JONES and OVERSTREET,[1] Bankruptcy Judges.

## OPINION

OVERSTREET, Bankruptcy Judge:

In each of these cases, the Chapter 13 trustee appeals the denial of her request that the debtors be required to submit to the trustee any postpetition tax refunds received by the debtors during the first thirty-six months of their Chapter 13 plans. The facts of each case are straightforward and each case presents the same legal issue. Therefore, we deal with both cases in this Opinion. In each case, we AFFIRM.

## I. FACTS

### A. *In re Heath*

Anita S. Heath ("Heath") filed a petition for relief, schedules, Statement of Financial Affairs and Plan on February 28, 1994. The plan contained no provision for income tax refunds that might be received by the debtor during the term of the plan. Heath estimated that creditors would receive 100% of the amount of their claims under the plan, which was to take 45 months to complete.

Margo Itule (the "Trustee"), the appointed Chapter 13 trustee, objected to Heath's plan based, *inter alia*, on Heath's failure to dedicate to the plan all income tax refunds received by her during the first thirty-six months of her plan. The Trustee contended that all such refunds must be added to the plan as supplemental plan payments. Heath disputed the Trustee's argument. A plan confirmation hearing was held August 30, 1994, and the tax refund issue was taken under advisement by the bankruptcy judge.

The bankruptcy court filed its Memorandum Decision and an Order sustaining Heath's objection to the Trustee's request for postpetition tax refunds on October 13, 1994. In its Memorandum Decision, the bankruptcy court found that "there was no evidence of whether or not the postpetition tax refunds correspond to prepetition tax years or postpetition tax years," and concluded that the Trustee's objection to the plan should be denied. The Trustee then filed this timely appeal.

### B. *In re Haynes*

Hazel Haynes ("Haynes") filed a petition for relief, schedules, Statement of Financial Affairs and Plan on March 29, 1994. Haynes, like Heath, made no provision in her plan for future income tax refunds. Haynes proposed a 12% distribution to her unsecured creditors over the 60–month period of the plan.

As in *In re Heath*, the Trustee objected to the plan and requested that Haynes be required to include in the plan all postpetition tax refunds received by her during the first thirty-six months of her plan. The parties briefed the issue and a hearing was held

---

1. Hon. Karen A. Overstreet, Bankruptcy Judge for the Western District of Washington, sitting by designation.

September 12, 1994. On October 6, 1994, the bankruptcy court issued its Findings of Fact and Conclusions of Law as well as an Order denying the Trustee's request. The Trustee then filed this timely appeal.

## II. ISSUE

Whether a Chapter 13 trustee may require mandatory inclusion in a Chapter 13 plan of any tax refund received by the debtor within the first 36 months of the plan and treat those refunds as supplemental payments under the plan.

## III. STANDARD OF REVIEW

■ Questions of law and statutory interpretation are reviewed *de novo*. *In re Price*, 871 F.2d 97, 98 (9th Cir.1989). The issue in this case is a question of law and involves statutory interpretation.

## IV. DISCUSSION

A. *Tax Refunds as "Disposable Income"*

■ The Bankruptcy Code[2] provides that if a Chapter 13 trustee or the holder of an allowed unsecured claim objects to confirmation of the plan, the court may not approve the plan unless it finds that as of the effective date of the plan, the debtor has included in the plan payments all of the debtor's "projected disposable income" to be received in the first three years of the plan. 11 U.S.C. § 1325(b)(1)(B). In both *Haynes and Heath*, the Trustee objected to plan confirmation based on Section 1325(b)(1)(B), claiming that any tax refunds received during the first thirty-six months of the plan must be committed to the plan as disposable income.[3] The Trustee did not present any evidence as to either debtor, that future tax refunds could be projected as of the effective date of the plan.

The Ninth Circuit recently addressed the meaning of Section 1325(b)(1)(B) and the distinction between projected and actual dispos-

able income in *Anderson v. Satterlee*, 21 F.3d 355 (9th Cir.1994). In *Anderson*, the Chapter 13 trustee required that as a condition to the trustee's consent to confirmation, the debtors sign a "Best Efforts Certification." In the certification, the debtors agreed to submit to the trustee for payment to creditors under the plan all of their actual disposable income. The Ninth Circuit held that this certification violated Section 1325(b)(1)(B), because it required the debtor to include in plan payments actual rather than projected disposable income.

In *Anderson*, the Ninth Circuit adopted a two-part process for arriving at the amount of projected disposable income under Section 1325(b)(1)(B). The court articulated the test as follows:

> For practical purposes, this task is usually accomplished by multiplying the debtor's monthly income by 36. Next, the bankruptcy court must assess the amount of the debtor's income that is 'disposable.'

*Anderson*, 21 F.3d at 357, *quoting In re Killough*, 900 F.2d 61, 64 (5th Cir.1990). The *Anderson* opinion does not appear to prohibit means other than the "monthly income times 36" test for calculating a debtor's projected disposable income, but it clearly requires that future income be subject to some showing of projectability.

The Trustee's requirement in these cases, that the debtors submit any future tax refunds they receive toward payment under their plan, regardless of whether any refund could be projected as of the effective date of the plan, runs afoul of *Anderson*. Like the trustee in *Anderson*, the Trustee is requiring the debtors here to submit actual rather than projected income to the plan payments.

The only published lower court decision to construe *Anderson* is also in accord with our conclusion. The court in *In re Kuehn*, 177 B.R. 671 (Bankr.D.Ariz.1995), found that to require a blanket turnover of all tax refunds by Chapter 13 debtors, without a showing

---

**2.** Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

**3.** The Trustee determined that it would be too difficult to apportion the first year's tax refund between pre- and postpetition earnings, therefore, she only sought to collect refunds received in the second and third years of the plan.

that such refunds are in fact projected in a certain amount, violates *Anderson.* The court in *Kuehn* characterized the trustee as "seeking this potential extra income not because he projects that it will exist, but merely because *if* it does turn out to exist, he believes it should be turned over." *Id.* at 672.

The Trustee cites decisions in other jurisdictions that hold that tax refunds are projected disposable income and must be paid over to the trustee. In those jurisdictions, however, there was no controlling precedent like *Anderson. See, e.g., In re Rhein,* 73 B.R. 285 (Bankr.E.D.Mich.1987) (where debtor's budget proposed overwithholding in a specified amount, debtor did not commit all her projected disposable income to plan); *In re Red,* 60 B.R. 113 (Bankr.E.D.Tenn.1986), *overruled on other grounds by In re Minor,* 177 B.R. 576, 581 (Bankr.E.D.Tenn.1995) (where debtor's plan sought to have tax refunds declared sole property of the debtor, non-exempt tax refund allocable to debtor's earnings during plan period would constitute part of the debtor's projected disposable income).

The Trustee argues that if Chapter 13 debtors are not required to include in their plans all tax refunds received during the plan term, they will be able to manipulate the amount of their withholding so as to ensure the receipt of a refund, which they may then retain. The Trustee should be able to determine whether the debtor is overwithholding simply by reviewing the appropriate tax forms prior to the deadline for objecting to the plan. The Internal Revenue Code specifies the number of withholding exemptions to which an individual is entitled. 26 U.S.C. § 3402(f). In addition, an employee is required to sign a certificate at the time employment commences, or when a change of status occurs, certifying under penalty of perjury that the employee is entitled to a certain number of exemptions. 26 U.S.C. § 3402(f)(2). A review of this certification should satisfy the Chapter 13 trustee as to whether a particular debtor is withholding for taxes at an appropriate rate.

## B. *Burden of Proof*

In *Heath* and *Haynes,* the Trustee did not present any evidence that either debtor was overwithholding or that for some other reason, the debtor was likely to receive a tax refund during the term of the proposed plan. Likewise, neither debtor produced any evidence that they could not project future tax refunds. The judge in the *Haynes* case determined that it was "conceivable" that the debtor could project refunds by preparing a tax pro forma for the 36–month period of the plan, but that it would require retention of an accountant and would most likely be no more than speculation. *See In re Haynes,* Findings of Fact and Conclusions of Law, page 4. Thus, the court did not place the burden on the debtor to prove that no tax refunds were likely to be received during the plan. The court in the *Heath* decision did not deal with the burden of proof issue.

■ These cases turn then on which party has the burden of proof. In general, the debtor carries the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation. *See, e.g., In re Arnold and Baker Farms,* 177 B.R. 648, 654 (9th Cir. BAP 1994); *In re Warren,* 89 B.R. 87, 93 (9th Cir. BAP 1988); *In re Wolff,* 22 B.R. 510, 512 (9th Cir.1982). The more specific question, however, is whether the Trustee has the burden to support her objection with any evidence before the burden of persuasion shifts to the debtors for ultimate proof that all of their projected disposable income has been included in the plan.

■ Two Panel decisions have held that the debtor has the burden of proving that a chapter 13 plan has been proposed in good faith. *See Warren, supra; Wolff, supra.* The good faith requirement, however, unlike the disposable income requirement, is found in 11 U.S.C. § 1325(a). All debtors must comply with the requirements of Section 1325(a), even if no objection is filed. On the other hand, the requirements of Section 1325(b) come into play only upon the objection of a party in interest.

■ Those courts examining the burden of proof issue as it relates specifically to Section

1325(b) have concluded that the creditor has, at a minimum "the initial burden of producing satisfactory evidence to support the contention that the debtor is not applying all of his disposable income" to the plan payments. *Education Assistance Corp. v. Zellner (In re Zellner),* 827 F.2d 1222, 1226 (8th Cir.1987); *In re Packham,* 126 B.R. 603, 607 (Bankr.D. Utah 1991); *In re Fries,* 68 B.R. 676, 685 (Bankr.E.D.Pa.1986). We concur with this standard.

It would not seem difficult for a Chapter 13 trustee to determine the debtor's potential for receiving a tax refund during plan years. For example, demonstrating that in prior years the debtor has consistently received a tax refund under similar withholding practices and income levels, would be sufficient to shift the burden to the debtor to show that no tax refund is projected. *See, e.g., In re Rhein, supra* (tax refund calculated to the penny). Such a showing would turn the speculative receipt of a tax refund into a predicted source of income, in compliance with *Anderson.*[4] The debtor would then have the ultimate burden to show that despite the receipt of refunds in prior years, circumstances during the plan make it unlikely that a refund will be received. If the debtor is overwithholding, the Chapter 13 trustee may object to the plan on the grounds that the plan is not proposed in good faith under Section 1325(a)(3) and the debtor has not committed all disposable income to the plan as required by Section 1325(b)(1)(B).

In these cases, the Trustee merely objected to the debtors' plans on the basis that the debtors did not include any tax refunds in the plan payments. No showing was made that there was some indication, from the debtors' prior financial history or from withholding records, that the debtors were likely to receive future tax refunds

during plan years. Therefore, the Trustee failed to meet her burden necessary to shift the burden of proving compliance with Section 1325(b)(1)(B) to the debtors.[5]

### CONCLUSION

We hold that without some minimal showing by a Chapter 13 trustee that the debtor may receive tax refunds during the term of the plan, the trustee cannot require the debtor to commit to the plan all tax refunds that the debtor actually receives during the term of the plan.

We affirm both orders.

---

4. In the *Heath* case, the debtor proposed to pay 100% of her unsecured claims. Therefore, the only practical effect of requiring the debtor to add actual tax refunds to the plan as supplemental payments would be to decrease the duration of the plan.

5. We note that even if the trustee is unable to offer some minimal evidence at the time of confirmation that the debtor may receive future tax refunds, the trustee is free to request modifica-

tion of the plan if a debtor's tax returns later reveal that a refund is due or has been issued. 11 U.S.C. § 1329(a). In that circumstance, the trustee bears the burden of showing a substantial change in the debtor's ability to pay since the confirmation hearing and that the prospect of the change had not already been taken into account at the time of confirmation. *Anderson,* 21 F.3d at 357.