**In re Elizabeth TORRES, Debtor.**

**Bankruptcy No. 95 B 26662.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 12, 1996.

John T. Hundley, Hundley & Brusslan, Chicago, Illinois, for Employer.

Stefans, Stefans & Stefans, Chicago, Illinois, for debtor.

## MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Bankruptcy Judge.

This Chapter 13 case is before the court on a motion of the debtor's employer, seeking vacation of a preconfirmation wage deduction order. For the reasons set forth below, the motion is denied.

### Jurisdiction

The pending motion raises a question concerning the administration of a bankruptcy estate, a matter arising in a case under Title 11, U.S.C., the Bankruptcy Code ("the Code"). *In re Wolverine Radio Co.,* 930 F.2d 1132, 1144 (6th Cir.1991). Such matters are within the jurisdiction of the district court pursuant to 28 U.S.C. § 1334(b), may be referred to a bankruptcy judge pursuant to 28 U.S.C. § 157(a), and have been so referred pursuant to General Rule 2.33 of the United States District Court for the Northern District of Illinois. Matters affecting the administration of the estate, pursuant to 28 U.S.C. § 157(b)(2)(A), are core proceedings, as to which a bankruptcy judge may enter appropriate orders and judgments, under 28 U.S.C. § 157(b)(1).

### Findings of Fact

The facts relevant to the employer's motion are straightforward and undisputed. The debtor filed a voluntary Chapter 13 petition on December 13, 1995. Accompanying this petition was a Chapter 13 plan, under which the debtor proposed to make payments of $225 monthly ($104 biweekly) to the Chapter 13 standing trustee.[1] At the time of the filing, the Debtor agreed to an order which requires her employer (1) to deduct $104 from her biweekly paychecks, (2) to remit this sum to the Chapter 13 standing trustee, (3) to cease or alter the amount of the deductions upon written notice from the trustee, and (4) to notify the trustee of any termination of the debtor's employment. This payroll deduction order was entered on December 14, before confirmation of the proposed Chapter 13 plan. Indeed, a hearing on confirmation has yet to be scheduled.

The employer filed a motion to vacate the order on December 22, incorporating a legal argument in the body of the motion. The court offered an opportunity to the debtor and the standing trustee to file written responses, and took the matter under advisement.

### Conclusions of Law

The employer's argument is simple and direct. It points out that, in Chapter 13, the only express authorization for court-ordered wage deductions is Section 1325(c), which provides:

> *After confirmation of a plan,* the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

(Emphasis added.) Here, of course, the wage deduction order was entered prior to confirmation of the plan, and hence was not expressly authorized by Section 1325(c).

 The employer recognizes that Section 105(a) of the Bankruptcy Code empow-

---

**1.** Payments of $104 every two weeks ($2704 annually) are approximately equivalent to payments of $225 every month ($2700 annually).

ers a court to "enter any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." However, the employer correctly points out that this grant of authority may not be employed in a manner that contradicts other provisions of the Code. *See, e.g., Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988) (equitable power of bankruptcy court "must and can only be exercised within the confines of the Bankruptcy Code"); *Gouveia v. Tazbir,* 37 F.3d 295, 300 (7th Cir.1994) (judicial power under Section 105(a) subject to the same limitation). Then, the employer asserts, another provision of the Code, Section 1306, is flatly inconsistent with a preconfirmation wage deduction order. Section 1306 provides, in subsection (a), that property of the estate in a Chapter 13 case includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted" and, in subsection (b), that "except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." The employer concludes from these provisions that the Code intends for debtors in Chapter 13 cases to receive all of their postpetition earnings until an order of confirmation is entered, and thus that Section 105(a) cannot support an order to the contrary. Lacking any other basis for entry of the pending wage deduction order, the court must, in the employer's view, vacate the order as being entered without jurisdiction.[2]

█ The employer's argument, however, gives inadequate consideration to the provision of the Bankruptcy Code most relevant to the wage deduction order at issue here, Section 1326(a)(1). That section provides that "[u]nless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed." This provision makes it clear that Section 1306 does not grant debtors

possession of all of their postpetition wages until the time of confirmation. Directly contrary to that idea, the section requires that the debtor surrender wages to a trustee, prior to confirmation, to the extent necessary to fund the proposed plan. Since a debtor is required to make payments of wages to a trustee preconfirmation, Section 1306 cannot be seen as prohibiting wage deduction orders prior to confirmation. Whether paid directly to the trustee by the employer, or indirectly by debtor, the impact on the debtor's possession of the wages is identical.

█ Since preconfirmation wage deduction orders are not prohibited in Chapter 13 cases by Section 1306, the issue is whether it is "necessary or appropriate" for such orders to be entered under Section 105(a). Plainly it is. Chapter 13 debtors are frequently required to petition for bankruptcy relief because of their inability to prioritize the expenditures they make from their wages. It was undoubtedly due to concerns that this situation might continue after bankruptcy that Congress provided specific authorization for postconfirmation wage deduction orders. However, there is no significant difference between the debtor's situation before confirmation and after. Indeed, unless preconfirmation plan payments have been made pursuant to Section 1326(a)(1), confirmation is unlikely, since one of the requirements for confirmation is a showing that "the debtor will be able to make all payments under the plan." 11 U.S.C. § 1325(a)(5). A preconfirmation wage deduction order establishes the debtor's ability to make plan payments, despite prior budgeting difficulties. It may well make the difference between success and failure of a Chapter 13 case. Accordingly, it is necessary and appropriate for such orders to be entered. *Cf. Stahn v. Haeckel,* 920 F.2d 555, 557–58 (8th Cir.1990) (court authorized under Section 105(a) to order preconfirmation payments from debtor in Chapter 12 case).

**2.** The employer also contends that the wage deduction order is improper because it fails to comply with the procedures established under Illinois statutes for the enforcement of judgments through wage deductions. The order in this case, however, was issued pursuant to federal, not state law, and if there were any conflict, federal bankruptcy law would prevail under the Supremacy Clause. U.S. Const. art. VI, cl. 2.; *Perez v. Campbell,* 402 U.S. 637, 652–53, 91 S.Ct. 1704, 1712–13, 29 L.Ed.2d 233 (1971).

■ Finally, it cannot be said that Congress deliberately limited the power of the court to entering wage deduction orders postconfirmation. Section 1325(c), according the power to issue postconfirmation wage deduction orders, was part of the originally enacted Bankruptcy Code, Pub.L. No. 95–598 (1978). The 1978 legislation did not require a debtor to begin making payments under a Chapter 13 plan until confirmation. Thus, Congress originally intended that wage deduction orders could be put into effect as soon as payments from the debtor were required. Section 1326(a), requiring preconfirmation payments from the debtor, was added to the Code by the BAFJA legislation of 1984, Pub.L. No. 98–353, § 318. It appears most likely that, when Congress determined in 1984 to require that Chapter 13 debtors begin making plan payments promptly after filing their cases, it simply did not consider the question of wage deduction orders. However, the apparent intent behind allowing wage deduction orders in 1978 supports their application to all payments now required in Chapter 13.

### Conclusion

For the reasons stated above, the employer's motion to vacate is denied.