In re Bryan Christian MCMILLAN,
Debtor.

In re Sally Dawn Knapp, Debtor.

Nos. 01–50591, 02–43078.

United States Bankruptcy Court,
W.D. Washington.

Oct. 22, 2002.

Steven P. Weinberg, Olympia, WA, for Bryan Christian McMillan.

Michael Hitt, Tacoma, WA, trustee.

Terrence J. Donahue, Tacoma, WA, for David M. Howe, trustee.

Marjorie S. Raleigh, Seattle, WA, U.S. Trustee.

## MEMORANDUM DECISION

PAUL B. SNYDER, Bankruptcy Judge.

The above matters came before the Court on Notice and Motions for Orders Requiring IRS to Send Debtor's Tax Refunds to Trustee (Motions) filed by the Chapter 13 Trustee (Trustee) in two unrelated cases. The Trustee's Motions were opposed by the Internal Revenue Service (IRS). A hearing was held in both cases on September 5, 2002. The issues presented in the matters are similar; accordingly, resolution is addressed in a single decision. Taking into consideration the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

## FINDINGS OF FACT

### 1. Bryan Christian McMillan

Bryan Christian McMillan (McMillan) filed a voluntary petition for Chapter 7 relief in Bankruptcy Court for the Western District of Washington on November 2, 2001. The case was converted to Chapter 13 on March 11, 2002. McMillan filed a proposed Chapter 13 Plan on March 12, 2002. The Trustee initially objected to the proposed Chapter 13 Plan on the basis that it did not constitute McMillan's best efforts under 11 U.S.C. § 1325(a)(3) and (b)(1)(B). The Trustee argued that McMillan consciously withheld too great an amount for his federal income tax. Specifically, by this "over withholding" he generated a $16,000 tax refund for 2001, that should have been paid into his Chapter 13 Plan. McMillan filed a first amended Chapter 13 Plan (Plan) on May 23, 2002, providing for payment of all of his 2001 tax refund into the Plan, less $4,000. Paragraph 10 of the Plan was amended to add the following provision: "Debtor agrees to have future IRS refunds paid directly to Trustee, with amount to be paid into plan to be determined upon receipt." McMillan subsequently received a tax refund of $17,322 for 2001, and paid $13,322 into the Plan, retaining $4,000. On June 4, 2002, the Trustee filed a Notice and Motion for Order Requiring IRS to Send Debtor's Tax Refunds to Trustee. A confirmation hearing was held on June 27, 2002, and the Plan was confirmed by order of July 2, 2002.

The IRS is not listed in McMillan's schedules, nor has it filed a proof of claim, as McMillan has no prepetition tax liability. The IRS therefore did not receive a copy of McMillan's proposed Plan or notice of the confirmation hearing. However, prior to the confirmation hearing on June 27, 2002, the IRS was served with a Notice and Motion for Order Requiring IRS to Send Debtor's Tax Refunds to Trustee. In this motion, the Trustee set forth the proposed language for Paragraph 10 of the Plan. The IRS subsequently filed an objection to the Trustee's Motion requiring it to send McMillan's tax refund to the Trustee.

### 2. Sally Dawn Knapp

Sally Dawn Knapp (Knapp) filed a voluntary petition for Chapter 13 relief in Bankruptcy Court for the Western District of Washington on March 28, 2002, and a proposed Chapter 13 Plan on that same date. Knapp filed a first amended Chapter 13 Plan (Plan) on April 29, 2002. This Plan has not yet been confirmed. Knapp's proposed Plan indicates that she commits all tax refunds to fund the Plan. On or about June 10, 2002, the IRS filed an amended proof of claim stating an unsecured priority claim of $461.68 for unpaid federal income tax for the year 2001. On June 12, 2002, the Trustee filed a Notice and Motion for Order Requiring IRS to send Debtor's Tax Refunds to Trustee. The IRS filed an objection on August 30, 2002.

## CONCLUSIONS OF LAW

These cases raise the issue of whether, pursuant to 11 U.S.C. § 1325(c), a bankruptcy court can order the IRS to send a debtor's tax refunds directly to a Chapter 13 trustee when the debtor's plan voluntarily commits such refunds to funding the plan.

11 U.S.C. § 1325(c) provides that, after confirmation of a plan, "the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee." The term "entity" includes a governmental unit, and the term "governmental unit" includes the United States. 11 U.S.C. §§ 101(15) and (27).

In instant cases, the Debtors voluntarily agreed to commit all or a portion of their tax refunds to their respective Chapter 13 Plans and the Trustee seeks an order requiring the IRS to remit tax refunds directly to it for distribution. The IRS asserts three principal arguments in response to the Trustee's motions: (1) the Trustee has failed to show that such refunds are "projected disposable net income"; (2) the Assignment of Claims Act prohibits the IRS from remitting the refunds to the Trustee; and (3) requiring the IRS to remit the refunds to the Trustee would impose an unfair administrative burden on the IRS.

1. **Does the Debtors' tax refunds constitute "income" under 11 U.S.C. § 1325(c)?**

█ The IRS first argues, relying on *In re Anderson*, 21 F.3d 355 (9th Cir.1994), that the Court cannot require refunds to be committed to a debtor's plan without a showing that such refunds are "projected disposable income," in accordance with 11 U.S.C. § 1325(b)(1)(B). This section provides that if a party objects to confirmation, the plan may only be approved if "as of the effective date of the plan," the plan provides for payment of "all of the debtor's projected disposable income ...." 11 U.S.C. § 1325(b)(1)(B).

In *Anderson*, the trustee objected to confirmation of the debtors' plan and refused to allow confirmation unless the debtors agreed to sign a certification providing that the debtors would pay all actual disposable income during the life of the plan. The Ninth Circuit reviewed the plain language of 11 U.S.C. § 1325(b)(1) and determined that confirmation of a Chapter 13 plan is only dependent on projected, not actual, disposable income being committed. *Anderson*, 21 F.3d at 358 (rejecting the trustee's attempt to impose a different, more burdensome requirement on the debtors' plan as a prerequisite to confirmation). Cases subsequent to *Anderson*, rely on this language to hold that Chapter 13 debtors cannot be required, as a prerequisite to confirmation, to agree to pay over refunds for the life of a plan without a showing that such refunds are projected disposable income. *In re Heath*, 182 B.R. 557, 559–60 (9th Cir. BAP 1995); *In re Kuehn*, 177 B.R. 671, 673 (Bankr.D.Ariz.1995). Accordingly, *Anderson* is controlling in cases where a party objects to confirmation on the basis that the debtor refuses to commit actual, as opposed to projected, future income to the plan. *Anderson*, however, is not determinative of the issue before this Court, since in each of these cases, the Debtors voluntarily agreed to commit all or a portion of their tax refunds to their perspective Plans.

In the instant cases, neither the Debtors nor the Trustee object to including the actual income tax refunds as Plan payments. Accordingly, the issue of actual, as opposed to projected, disposable income is not present. In *In re Profit*, 283 B.R. 567, 574 (9th Cir. BAP 2002), the Bankruptcy Appellate Panel (BAP) specifically determined that *Anderson* does not apply to a

case where a debtor's confirmed plan provides for turnover of tax refunds as part of his or her plan payments. The BAP, *citing In re Cochran*, 141 B.R. 270, 272 (M.D.Ga.1992) with approval, determined that such a plan treats the refunds as disposable income. *Profit*, 283 B.R. at 574. This holding is also in accord with *In re Freeman*, 86 F.3d 478, 481 (6th Cir. 1996), in which the Sixth Circuit held that a tax refund constitutes projected disposable income if the debtor specifically commits the tax refunds to the plan, and makes no argument that it is not disposable income. Accordingly, tax refunds voluntarily committed by a debtor to his or her respective Chapter 13 plan is held to constitute projected disposable income.

At the September 5, 2002 hearing, the IRS argued that because Knapp's Plan has not yet been confirmed, Knapp's circumstances are similar to that of the debtors in *Anderson*. This Court concludes, however, that it is irrelevant that Knapp's Plan has not yet been confirmed. As stated previously, Knapp voluntarily agreed to commit all tax refunds to her plan. *Anderson* is therefore not applicable. Despite the language of 11 U.S.C. § 1325(c) authorizing the Court to issue a wage deduction order "[a]fter confirmation," there is also no reason in this case to wait until that event occurs. The IRS did not object to confirmation. There are no other objections to confirmation pending, and nothing to suggest that confirmation will not occur. It is an accepted practice in this district and others to issue such orders prior to confirmation. *See In re Torres*, 191 B.R. 735, 737 (Bankr.N.D.Ill.1996); 5 *Norton Bankruptcy Law and Practice* 2d § 122:11, 122–112 (1997). The issue before the Court is not one of confirmation, or whether the tax returns constitute actual or disposable income. The issue presented is the enforcement of wage orders issued pursuant to 11 U.S.C. § 1325(c) against the IRS.

■ Although it is not necessary in the instant cases to determine whether refunds are projected disposable income under an *Anderson* analysis, it has been argued in other cases that refunds are not even "income" for purposes of 11 U.S.C. § 1325(c). *See Cochran*, 141 B.R. at 271–72. The IRS did not specifically raise this argument. However, since these are important issues for this Court, and because the parties have indicated that the Trustee intends to file similar motions in the future, the Court finds it provident to address that issue in this decision to provide further guidance.

The term "income" is not defined in the bankruptcy code. However, as the Ninth Circuit in *Anderson* pointed out, it is clear that projected disposable income and actual disposable income are not identical. *See Anderson*, 21 F.3d at 357–58. In the instant cases, the Debtors' Plans provide for payment of tax refunds into the Plans. The tax refunds are therefore plan payments. *Profit*, 283 B.R. at 574. In addition, as noted by the court in *Cochran*, a tax refund, by its definition, is a "repayment of overpaid taxes on income, i.e. money that should have been classified originally as net income rather than paid as taxes." *Cochran*, 141 B.R. at 272. Although there may be a split of authority as to whether tax refunds are necessarily projected disposable income, this Court is not aware of any decision holding that tax refunds are not income for purposes of 11 U.S.C. § 1325(c). This Court concludes that tax refunds qualify as income for purposes of 11 U.S.C. § 1325(c).

**2. Does the Assignment of Claims Act bar the Court from ordering the IRS to send the Debtors' tax refunds directly to the Trustee?**

■ Although this issue was not raised in its pleadings, at the September 5, 2002

hearing, the IRS indicated that the Assignment of Claims Act (31 U.S.C. § 3727) bars the Court from ordering the IRS to send the Debtors' tax refunds directly to the Trustee.

The Assignment of Claims Act prohibits the assignment of income tax refunds prior to submission of the tax return and allowance of the refund by the IRS. 31 U.S.C. § 3727(b). In *Cochran,* the IRS argued that this statute bars the bankruptcy court from ordering the IRS to send a refund directly to the trustee until the claim is allowed. *Cochran,* 141 B.R. at 272. Based on a review of case law involving the same issue under the Social Security Act, the court in *Cochran* determined that 11 U.S.C. § 1325(c) impliedly modified the more general Assignment of Claims Act to allow the assignment of tax refunds to the trustee. *Cochran,* 141 B.R. at 273 (*citing United States v. Devall,* 704 F.2d 1513, 1514–15 (11th Cir.1983)). The *Cochran* court also relied on the fact that Congress has taken no action to restrict the application of 11 U.S.C. § 1325(c) to tax refunds as it did in modifying 42 U.S.C. § 407 of the Social Security Act to prevent bankruptcy income deduction orders from applying to social security benefits. *Cochran,* 141 B.R. at 273; *see* 42 U.S.C. § 407(b) (amended in 1983 to add a new section (b) to specifically provide that no other provision of law enacted before, on or after this section may be construed to modify this section unless it does so by express reference to the section). The *Cochran* court further noted that the Assignment of Claims Act was passed well prior to the enactment of 11 U.S.C. § 1325(c), indicating that Congress was necessarily aware of the Assignment of Claims Act's existence when it approved the broad grant of authority to the bankruptcy court under 11 U.S.C. § 1325(c). *Cochran,* 141 B.R. at 273. The statutory analysis by the *Cochran* court is in accord with Ninth Circuit precedent, and this Court adopts its decision and analysis in this decision. *See also Parker N. Am. Corp. v. Resolution Trust Corp. (In re Parker N. Am. Corp.),* 24 F.3d 1145, 1151 (9th Cir.1994) (general statutory language is typically superseded by specific provisions in the more recently-enacted statute).

Although *Cochran* is the only case this Court is aware of on the specific issue of the interplay between 11 U.S.C. § 1325(c) and the Assignment of Claims Act, the decision is supported by prior decisions holding that the Assignment of Claims Act does not apply where tax refunds were transferred to the trustee by operation of law or in accordance with a plan of arrangement. *See, e.g., In re Kepp Elec. & Mfg. Co.,* 98 F.Supp. 51, 60–61 (D.Minn. 1951) (tax refunds transferred to receiver under confirmed Chapter XI plan of arrangement not within purview of Assignment of Claims Act because transfer constituted an "act of law").

For the reasons stated above, this Court concludes that it is not barred in the instant cases from ordering the IRS to remit tax refunds directly to the Trustee by the Assignment of Claims Act.

**3. Does the burden on the IRS prevent the Court from ordering the IRS to send the Debtors' tax refunds directly to the Trustee?**

■ The IRS also argues that as a matter of fairness, the IRS should not have to bear the administrative burden of remitting such refunds directly to the Trustee. In support of its position, the IRS submitted a declaration from Karen I. Camp, Territory Manager for the Insolvency Groups in Territory 12. In her declaration, Ms. Camp states that it will require the IRS to expend a significant amount of

resources, above what is normally necessary, to remit tax refunds directly to a trustee. This Court has no reason to doubt Ms. Camp's credibility. The critical question then is where the burden should fall.

The IRS argues that the burden should remain with the debtor. If a debtor chooses, or is required, to commit his or tax refunds to funding a plan, the burden is on the debtor to ensure that they are remitted to the trustee. If the debtor fails in his or her obligations, remedies exist under the bankruptcy code to deny his or her discharge or dismiss the case.

The IRS's argument is persuasive. In the instant cases, there has been no showing that the Debtors will not voluntarily remit their refunds to the Trustee. The fact that they agreed to do so in their Plans, clearly indicates that this is their intention. Thus, it may appear unfair to require the IRS to perhaps unnecessarily assume these additional costs. Nonetheless, this burden must also be weighed against the purpose of 11 U.S.C. § 1325(c).

It is likely a burden on any entity to comply with an order issued pursuant to 11 U.S.C. § 1325(c). This section was added to the bankruptcy code because it was recognized that income deduction orders are a critical element for a successful Chapter 13 plan. *See* 5 *Norton Bankruptcy Law and Practice* 2d § 122:11, 122–109 (1997). Despite the best intentions of the debtor at the time of confirmation, it is the past experience of this Court that plans without income deduction orders too often prove unsuccessful.

Based on the recognized importance of income deduction orders to the success of Chapter 13 plans and the fact that such orders are authorized by the bankruptcy code and not prohibited by any other laws, this Court concludes that the Trustee's Motions should be granted in these cases.

It must be noted that the principals set forth in this decision only apply to Chapter 13 cases where the debtor's plan specifically commits tax refunds to the plan. If no such provision exists, *Anderson* will apply, and the Court will be required to examine whether the refunds constitute projected disposable income on a case-by-case basis.

These matters are continued to **October 31, 2002**, at **1:00 p.m.**, for presentation of orders incorporating this Memorandum Decision pursuant to Fed. R. Bankr.P. 7052.