**In re Paul QUARTERMAN, Debtor.**

**No. 06–027–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 28, 2006.

Christopher R. Demetros, Jacksonville, FL, for debtor.

Mamie L. Davis, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Debtor's Motion for Confirmation of the Chapter 13 Plan and the Chapter 13 Trustee's Objection to Confirmation. The Court held a hearing on March 2, 2006 and, at the conclusion, instructed the parties to submit memorandum of law in support of their respective positions. The Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Paul Quarterman (the "Debtor") filed a Chapter 13 petition on January 5, 2006. According to Form B22C and Schedule I, the Debtor listed $2,035.37 of gross monthly income and $1,745.34 of net monthly income. As for the Debtor's spouse, the Debtor listed $2,166.67 of gross monthly income and $1,933.33 of net monthly income. Thus, the Debtor's total income from all sources, including that of his spouse, is $4,202.04; the total net monthly income, including that of the Debtor's spouse, is $3,678.67. The Debtor did not list on Form B22C the extent to which his spouse's income was regularly applied toward household expenses.

The parties agreed that the Debtor's currently monthly income is below the state median family income and that the Debtor's applicable commitment period is three years.

On Schedule J, the Debtor listed monthly expenses of $2,510.00. The expenses on Schedule J do not reflect the secured claims that the Debtor is proposing to pay in his Chapter 13 plan. These claims total $452.00 per month.

At the confirmation hearing, the Debtor amended his plan payments to provide for the claims as filed. The Debtor's proposed Chapter 13 plan provides no payments to unsecured claims. The Chapter 13 Trustee (the "Trustee") objected to confirmation of the Debtor's plan on the basis that the Debtor is not using disposable income to fund the plan. The Trustee did not raise an objection with respect to the Debtor's expenses.

### CONCLUSIONS OF LAW

The Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) became effective October 17, 2005. The Debtor filed the instant petition on January 5, 2006, therefore, BAPCPA applies. The Trustee objects to confirmation arguing that the Debtor is not contributing disposable income to his Chapter 13 plan. The Debtor contends, however, that he is not required to contribute disposable income to his plan and, in the alternative, argues that if he is required to contribute disposable income to the plan, then his non-filing spouse's income should not be included in the disposable income calculation.

On October 17, 2005, BAPCPA amended certain provisions that address disposable income in Chapter 13. BAPCPA slightly modified section 1325(b)(1). It states "that all of the debtor's projected disposable in-

come to be received in the *applicable commitment period* ... will be applied to make payments *to unsecured creditors* under the plan." 11 U.S.C. § 1325 (2005) (emphasis added)(emphasis reflecting change under BAPCPA). Congress also amended the definition of disposable income, in section 1325(b)(2), to state that disposable income means *"current monthly* income received by the debtor ... less amounts reasonably necessary to be expended—(A)(i) for the maintenance or support of the debtor or a dependent of the debtor ...." 11 U.S.C. § 1325(b)(2) (2005)(emphasis added)(emphasis reflecting change under BAPCPA).[1] Additionally, Congress created an entirely new provision, section 1325(b)(3). It states that the "[a]mounts reasonably necessary to be expended under paragraph (2) [which defines disposable income] shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than ... [the state median family income]." This means that if a debtor's current monthly income is above the state median family income (for the applicable number of household members), the Code requires that the "amounts reasonably necessary to be expended" be *determined under section 707(b), which lists the expenses adopted from the IRS for the means test analysis. If, however, the debtor's current monthly income is below the state median family income, then the "amounts reasonably necessary to be expended" shall be determined according to section 1325(b)(2)(A) and (B).

In the present case, the parties agreed that the Debtor's current monthly income falls below the state median family income. Consequently, the Debtor agues that he should not be required to contribute all of his disposable income to his Chapter 13 plan. In support of this position, the Debtor argues that, as a result of BAPCPA, the Code now states that only debtors with current monthly income above the state median family income are required to contribute disposable income to the Chapter 13 plan. The Trustee, however, argues that although Congress amended the way in which a debtor's reasonable and necessary expenses are determined, a debtor is still required to contribute all of his or her disposable income to the Chapter 13 plan.

■ The Court agrees with the Trustee. The amended Code still clearly requires "that all of the debtor's projected disposable income ... be applied to make payments ... under the plan," irrespective of the amount of the debtor's current monthly income or the methodology for determining the debtor's expenses. 11 U.S.C. § 1325(b)(1) (2005). If a debtor has current monthly income above the state median family income, then the "amounts reasonably necessary to be expended" by the debtor are determined according to the amounts set forth in section 707(b).[2] If a debtor has current monthly income less than the state median family income, then the "amounts reasonably necessary to be expended" by the Debtor are determined under section 1325(b)(2)(A) and (B).[3] In

1. A discussion of the significance of "current monthly income" in the disposable income analysis is discussed *infra.*

2. Section 1325(b)(3) requires the use of the amounts listed in section 707(b)(2)(A) and (B) for the means test expense calculation, similar to a 707(b) motion to determine whether the

debtor should be afforded relief under Chapter 7.

3. The calculation of expenses for debtors with current monthly income below the state median family income is substantially similar to the expense calculation under the prior law. The amounts listed in section 1325(b)(2)(A) and (B) include payments for (1) the "mainte-

either scenario, the BAPCPA changes do not obviate the explicit requirement that a debtor use all of his or her disposable income to fund the plan. Therefore, the Debtor is required to contribute of all his disposable income to his Chapter 13 plan.

Alternatively, the Debtor argues that if he is required to contribute disposable income to his Chapter 13 plan, his non-filing spouse's income should not be included in the disposable income calculation. As a result, the Debtor will not have any disposable income to contribute.

■ Prior to BAPCPA, several courts addressed the issue of whether a debtor's non-filing spouse's income should be considered when determining whether all of a debtor's disposable income is being applied to the debtor's Chapter 13 plan. The majority of courts have held that the court must consider the income of a non-debtor spouse in calculating the debtor's disposable income. *See In re Williamson*, 296 B.R. 760, 764 (Bankr.N.D.Ill.2003)(stating that the failure to consider the impact of the non-debtor spouse's income would leave the debtor's unsecured creditors to subsidize the spouse's expenses); *In re McNichols*, 249 B.R. 160, 170 (Bankr.N.D.Ill.2000)(stating that the totality of the family's income is appropriately considered in calculating a debtor's disposable income); *In re Ehret*, 238 B.R. 85, 88 (Bankr.D.N.J.1999)(stating that the inclusion of a non-debtor spouse's income is appropriate when determining a debtor's disposable income); *but see In re Nahat,*

278 B.R. 108, 114 (Bankr.N.D.Tex.2002)(stating that section 1325(b)(2) defines disposable income as income "received by the debtor").

However, as stated previously, Congress amended the definition of disposable income, in section 1325(b)(2), to state that disposable income means *"current monthly income* received by the debtor ... less amounts reasonably necessary to be expended—(A)(i) for the maintenance or support of the debtor or a dependent of the debtor...." 11 U.S.C. § 1325(b)(2) (2005) (emphasis added). According to section 101(10A), "[t]he term 'current monthly income'—(A) means the average monthly income from all sources that *the debtor receives (or in a joint case the debtor and the debtor's spouse receive)* without regard to whether such income is taxable ... derived during the 6–month period ending on—(i) the last day of the calendar month immediately preceding the date of the commencement of the case...." 11 U.S.C. § 101(10A) (2005) (emphasis added).[4] The parenthetical stating that, in a joint case, a debtor's current monthly income shall include the debtor's spouse's income suggests that, in a single case, the spouse's income is not included in the debtor's current monthly income; otherwise, the parenthetical would be superfluous. However, part (B) of section 101(10A), states that current monthly income also "includes any amount paid by any entity *other than the debtor (or in a joint case the debtor and the debtor's*

nance and support of the debtor or a dependent of the debtor or domestic support obligations that first become payable after the date that the petition is filed"; (2) "charitable contributions," in accordance with section 548(d)(3), not to exceed 15% of the debtor's gross income; and (3) if the debtor is engaged in a business, the payment of expenditures necessary for the continued operation of the business. *See* 11 U.S.C. § 1325 (2005).

4. The Court presumes "current monthly income" to be a debtor's gross income less the stated exclusions, notwithstanding the language "income from all sources that the debtor receives." *See* section 101(10A). If current monthly income were net income, bills that have been paid through wage assignments would reduce a debtor's income.

*spouse),* on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent)...." 11 U.S.C. § 101(10A)(B).[5] Applying the same reasoning as above, it appears that, in a single case, a debtor's spouse's income shall be included in the debtor's current monthly income to the extent that it is paid "on a regular basis for the household expenses of the debtor or the debtor's dependents." Thus, based upon the explicit language of section 101(10A), current monthly income does not include *all* the income of the non-debtor spouse, but rather only amounts expended on a regular basis for household expenses. If income is not (1) expended regularly (2) on household expenses, then it is not included in the debtor's current monthly income.[6]

In calculating a debtor's disposable income, it is necessary to start with the debtor's current monthly income, which is the debtor's average (gross) monthly income for the previous six months, plus amounts others, i.e. the debtor's non-filing spouse in a single case, regularly contributed to household expenses of the debtor or the debtor's dependants, less other (non-applicable) exclusions,[7] and reduce from it the following amounts:[8] (1) income that is included in current monthly income that was not "received" by the debtor;[9] (2) "amounts reasonably necessary to be expended" by the debtor, whether under § 1325(b)(2)(A) and (B) or section 707(b);[10] (3) "child support payments, foster care payments, or disability payments for a dependant child ... to the extent reasonably necessary to be expended for such child";[11] (4) amounts required to repay a loan described in section 362(b)(19) (loans from qualified plans);[12] and (5) amounts withheld from wages or received by employers as contributions to employee retirement plans.[13]

In determining the Debtor's disposable income in the instant case, it is necessary to reduce the Debtor's current monthly income by the amount of income that the Debtor did not receive. Therefore, the amount that the Debtor paid in taxes is subtracted from the Debtor's current monthly income.[14] However, the Debtor did not accurately state the amount of his current monthly income; he did not list on Form B22C the extent to which his

5. Current monthly income excludes "benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism (as defined in section 2331 of title 18) or domestic terrorism (as defined in section 2331 of title 18) on account of their status as victims of such terrorism." *See* 11 U.S.C. § 101(10A).

6. Problems may arise with respect to determining the non-debtor spouse's contribution to household expenses. If the family maintains joint accounts, it may be difficult to determine what part of the income of the non-debtor spouse is used for household expenses and what part is used for that spouse's personal expenses or investments. *See* Eugene R. Wedoff, United States Bankruptcy Judge, Northern District of Illinois, *Means Testing in*

*the New § 707(b),* 79 Am. Bankr.L.J. 231 (2005).

7. *See supra* note 5 for the exclusions to current monthly income.

8. *See* 8 *Collier on Bankruptcy* ¶ 1325.08[5][a],[b] and [c] (15th ed. rev.2005).

9. *See* section 1325(b)(2).

10. *See* sections 1325(b)(2) and 1325(b)(3).

11. *See* 1325(b)(2).

12. *See* section 1322(f).

13. *See* section 541(b)(7).

14. *See supra* note 9.

652

spouse's income was regularly applied toward household expenses.[15] The Debtor listed $2,035.37 of gross monthly income and $1,745.34 of net monthly income. As for the Debtor's spouse, the Debtor listed $2,166.67 of gross monthly income and $1,933.33 of net monthly income. Because of the inaccuracy with respect to the Debtor's stated current monthly income, the Court looks to the Debtor's net monthly income and will make adjustments where necessary.

The parties agreed that the Debtor's current monthly income falls below the state median family income; therefore, the Debtor's "amounts reasonably necessary to be expended" are determined under section 1325(b)(2)(A) and (B). The Debtor listed $2,510.00 of expenses. The expenses, however, do not reflect the secured claims that the Debtor is proposing to pay in his Chapter 13 plan. These claims total $452.00 per month. Therefore, the Debtor's "amounts reasonably necessary to be expended," for purposes of section 1325(b)(2)(A) and (B), are $2,962.00.[16] Using the Debtor's net monthly income of $1,745.34 and subtracting from it the Debtor's expenses of $2.962.00, the Debtor is left with negative disposable income of $1,216.66. However, this calculation is not entirely accurate because it does take into consideration any amount that others, specifically the Debtor's non-filing spouse, regularly contributed toward household expenses of the Debtor or the Debtor's dependants, as is required under section

101(10A). However, based upon the Debtor's net income and expenses, in order for the Debtor to have any disposable income, his spouse would have had to regularly contribute nearly two-thirds of her income toward household expenses of the Debtor or the Debtor's Dependants.

The burden is on the objecting party, here the Trustee, to provide satisfactory evidence in order for the Court to make a decision. *See In re Heath,* 182 B.R. 557, 561 (9th Cir. BAP 1995)(citing section 1325(b)(1)). Due to the absence of evidence before the Court as to the amount that the Debtor's spouse regularly contributed toward household expenses of the Debtor or the Debtor's dependants, the Court cannot presume that the Debtor's spouse regularly contributed nearly two-thirds of her income toward household expenses of the Debtor. Consequently, the Debtor is left with no disposable income to contribute to his plan. Therefore, the Trustee's objection to confirmation of the Debtor's Chapter 13 plan is overruled. A separate Order will be entered consistent with these Findings of Fact and Conclusions of Law.

15. On Form B22C, Part III, line 19, if a debtor is married but not filing jointly, the debtor is required to list the amount of his or her spouse's income that was regularly contributed to the household expenses of the debtor or the debtor's dependants. However, due to one of the many problems of this Form, a debtor is instructed not to fill out Part III if the debtor's current monthly income is less than the state median family income. Consequently, debtors with annualized gross income less than the state median family income are instructed not to enter the amount (on line 19) necessary to determine the extent to which a debtor's non-filing spouse regularly contributed to the household expenses of the debtor or the debtor's dependants.

16. The Trustee did not object to any of the Debtor's expenses.